FILED

02 SEP 30 PM 3: 09

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MELVIN THOMAS,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )          Case No. CV-00-N-948-J
                                        )
DARREL DURHAM, Sheriff of Cleburne      )
County, Alabama, THE CLEBURNE NEWS,     )
ED FOWLER, THE ANNISTON STAR,           )
CONSOLIDATED PUBLISHING                 )
COMPANY, INC., H. BRANT AYERS,          )
                                        )
            Defendants                  )

ENTERED

SEP 3 0 2002

## MEMORANDUM OPINION

The above-styled cause is before the court on the motion to dismiss filed by defendants The
Cleburne News, Ed Fowler, The Anniston Star, Consolidated Publishing Company, Inc., and H.
Brant Ayers on June 25, 2001.[1]  Because the motion asserted that defendants had not been properly
served with process, the magistrate judge entered an order on September 24, 2001, directing the
plaintiff to show cause why the complaint should not be dismissed pursuant to Rule 4(m), F.R.C.P.,
because it had not been served within the time limits of the rule.  Plaintiff responded to the order on
October 10, 2001.

---

[1] The remaining defendant, Sheriff Darrell Durham, was dismissed by Order entered
March 30, 2001 (Doc. 10).



Background

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on April 11, 2000, contending that the defendants had conspired to deprive him of his First and Fourteenth Amendment rights to freedom of speech, freedom of the press, and "freedom to publish ones sentiments." He alleged that Sheriff Durham was in the midst of a re-election campaign, which plaintiff apparently opposed. On April 27, 1998, plaintiff dispatched his wife, Katarina Thomas, to the offices of The Cleburne News in Heflin, Alabama, to arrange for the publication of a political advertisement, to be paid for by plaintiff, expressing his opposition to Sheriff Durham. The advertisement apparently accused Sheriff Durham of acting illegally when he seized certain firearms from plaintiff's home in April 1996. A worker in the newspaper office telephoned defendant Ed Fowler, the editor of the The Cleburne News, who reviewed the advertisement and declined to accept it for publication. The following day, April 28, 1998, Mrs. Thomas went to the offices of The Anniston Star in Anniston and attempted to arrange for that newspaper to publish the same advertisement rejected by The Cleburne News. Both newspapers are owned by defendant Consolidated Publishing Company, Inc. Defendant H. Brant Ayers is the chairman of Consolidated and the publisher of both newspapers. Likewise, Ed Fowler is the editor of both newspapers. Again, the advertisement was rejected for publication because it was regarded as libelous. In early May 1998, plaintiff wrote two letters to defendant Ayers concerning the rejection of the advertisement by the two newspapers, but he received no response to his correspondence.

Plaintiff filed the current action on April 11, 2000, alleging a conspiracy to violate his constitutional rights to freedom of speech, press, and "to publish ones sentiments." In the court file are copies of summons, **not** signed by the Clerk or having the court's seal affixed to them, dated

2

June 27, 2000, and addressed to "The Cleburne News Ed Fowler Editor," "The Anniston Star, Ed

Fowler Editor, H. Brant Ayers Chairman Publisher," and "Consolidated Publishing Co. H. Brant

Ayers, Chairman & Publisher." There do not appear to be separate summonses addressed to Ed

Fowler or H. Brant Ayers, individually. In his sworn response to the magistrate judge's show cause

order, plaintiff states that Mrs. Thomas served these summonses and complaints on June 27, 2000,

by personally delivering a copy to the offices of the two newspapers. Additionally, he points out that

copies were also mailed by the court by certified mail. The defendants' motion to dismiss asserts

that the complaint is due to be dismissed for "insufficiency of service of process" under Rule

12(b)(5), F.R.C.P., because defendants "have yet to be served with a copy of the above-styled

complaint in accordance with the service requirements of Rule 4, Fed.R.Civ.P." The motion is not

otherwise supported by affidavits or other admissible evidentiary material. It also should be noted

that the motion does not assert that the claim fails to state a claim for relief, for which it would be

subject to dismissal under Rule 12(b)(6), despite the fact that there are a number of clear problems

with plaintiff's cause of action.


## Discussion

Although the court finds that the motion is due to be granted with respect to defendants The

Cleburne News, The Anniston Star, Fowler, and Ayers, it also reluctantly concludes that it must be

denied with respect to defendant Consolidated Publishing Company, Inc. ("Consolidated"). First,

as to Fowler and Ayers, it is clear that they have not been served with process. As quoted above, the

only summonses issued were directed to the two newspapers and Consolidated. Although Fowler

and Ayers are mentioned on the summonses, it is only in their capacities as agents to receive service

for the entities they represent.  Rule 4(a) of the *Federal Rules of Civil Procedure* explicitly requires that the summons "be directed to the defendant."  Further, Rule 4(b) mandates that a separate summons be issued "for each defendant to be served."  The particular summonses issued in this case mention Ed Fowler only as "Editor" of the two newspapers served, and Ayers is mentioned only as the "Chairman & Publisher" of the newspapers.  Thus, these particular summonses must be regarded as "directed" only to The Cleburne News, The Anniston Star, and Consolidated, and that no summonses have been issued for or served upon Fowler and Ayers in their individual capacities.  "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  Pardazi v. Cullman Medical Center, 896 F.2d 1313, 1317 (11th Cir. 1990).  Because no service has been effected on these defendants, they simply are not before the court, except under the limited circumstances of their motion to dismiss.  Consequently, because more than 120 days has elapsed since the filing of the complaint and these two defendants have not been served, the motion to dismiss the complaint without prejudice is due to be granted with respect to defendants Fowler and Ayers.

The court also concludes that the complaint must be dismissed with respect to defendants The Cleburne News and The Anniston Star.  The motion to dismiss expressly contends that these two defendants are not legally suable entities, but simply the trade names of the newspapers published by Consolidated.  Because they are not corporate entities separate and apart from Consolidated, they are not *sui generis* and exist only to the extent that Consolidated exists.  "The 'capacity to sue or be sued shall be determined by the law of the state in which the district court is held....' Fed.R.Civ.P. 17(b)."  Williams v. Goldsmith, 905 F.Supp. 996, 1000 (M.D. Ala. 1995).  Under Alabama law, suit against a trade name is the same as suit against the sole proprietor himself, because the sole

4

proprietor and his business are legally one and the same.  See Moorer v. Hartz Seed Co., 120

F.Supp.2d 1283 (M.D. Ala. 2000)(citing Hughes v. Cox, 601 So.2d 465 (Ala.1992)).  Thus, here,

suit against the trade names of the newspapers published by Consolidated is the same as suing

Consolidated.   Because Consolidate already is a named defendant in this action, naming The

Cleburne News and The Anniston Star is merely superfluous and potentially confusing, so that these

two entities are due to be dismissed in favor of plaintiff's action against Consolidated.

Finally, the court concludes that the motion to dismiss must be denied with respect to

defendant Consolidated.  The only issue raised by the motion is "insufficiency of service of process,"

a ground for dismissal under Rule 12(b)(5).  Even though the summons to Consolidated apparently

was not signed by the Clerk of Court and does not bear the court's seal,[2] Consolidated's motion does

not raise an insufficiency of process defense under Rule 12(b)(4), and, not being raised, it is waived.

See FRCP 12(h); Sanderford v. Prudential Insurance Company of America, 902 F.2d 897, 900 (11th

Cir. 1990) ("The rules provide for mandatory waiver of the defense of insufficiency of process if not

included in a defense motion or responsive pleading.")  Thus, the only question presented to the

court is whether, despite defects in the summons itself, it was properly served upon Consolidated.

On this point, the plaintiff has submitted his **sworn** response in which he says his wife delivered it

to Consolidated's office, while the defendant has offered nothing in the form of sworn or admissible

evidence.  Plainly, the court must credit the plaintiff's evidence, given the lack of evidence offered

by defendant, and conclude that the process was served on defendant Consolidated on June 27, 2000.

Consequently, the motion asserting only a Rule 12(b)(5) defense is due to be denied.

---

[2] Rule 4(a), F.R.C.P., requires that the "summons shall be signed by the clerk [and] bear
the seal of the court...."

By separate order, the court will grant the motion to dismiss without prejudice defendants Fowler, Ayers, The Cleburne News, and The Anniston Star, but will deny the motion on behalf of Consolidated Publishing Company, Inc.

DONE this ___30th___ day of September, 2002.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE